**In re Michael J. PENDLETON, Petitioner in Case No. 12–3617.**

**In re Franklin X. Baines, Petitioner in Case No. 12–3996.**

**In re Corey Grant, Petitioner in Case No. 13–1455.**

**Nos. 12–3617, 12–3996, 13–1455.**

United States Court of Appeals, Third Circuit.

Argued Sept. 10, 2013.

Opinion Filed Oct. 3, 2013.

---

Lisa B. Freeland, Esquire (Argued), Federal Public Defender, Western District of Pennsylvania, Office of Federal Public Defender, Pittsburgh, PA, for Petitioner Michael J. Pendleton.

Stephen A. Zappala, Jr., Esquire, District Attorney, Michael W. Streily, Esquire, Deputy District Attorney, Rusheen R. Pettit, Esquire (Argued), Assistant District Attorney, Allegheny County Office of the District Attorney, Pittsburgh, PA, for Respondent Gerald Rozum, Superintendent at SCI Somerset.

David R. Fine, Esquire (Argued), George A. Bibikos, Esquire, K & L Gates, LLP, Harrisburg, PA, for Petitioner Franklin X. Baines.

R. Seth Williams, Esquire, District Attorney, Hugh J. Burns, Jr., Esquire, Chief, Appeals Unit, Thomas W. Dolgenos, Esquire, Chief, Federal Litigation, Ronald Eisenberg, Esquire (Argued), Deputy District Attorney, Edward F. McCann, Jr., Esquire, First Assistant District Attorney, Philadelphia County Office of District Attorney, Philadelphia, PA, for Respondents Louis S. Folino, Superintendent, SCI, Green; The Attorney General of the Commonwealth of Pennsylvania.

Marc Bookman, Esq., Atlantic Center for Capital Representation, Philadelphia, PA, for the Atlantic Center for Capital Representation, Amicus Petitioner.

Bradley S. Bridge, Esq., Defender Association of Philadelphia, Philadelphia, PA, for the Defender Association of Philadelphia, Amicus Petitioner.

Marsha L. Levick, Esq., Juvenile Law Center of Philadelphia, Philadelphia, PA, for the Juvenile Law Center of Philadelphia, Amicus Petitioner.

David B. Glazer, Esquire (Argued), Glazer & Luciano, Livingston, NJ, for Petitioner Corey Grant.

Paul J. Fishman, Esquire, United States Attorney, Mark E. Coyne, Esquire, Assistant United States Attorney, Chief, Appeals Division, Steven G. Sanders, Esquire (Argued), Assistant United States Attorney, Office of United States Attorney, Newark, NJ, for Respondent United States of America.

Before: RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges.

PER CURIAM.

In *Miller v. Alabama*, —— U.S. ——, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012), the Supreme Court held that "man-

datory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' " Corey Grant, Franklin X. Baines, and Michael J. Pendleton (collectively, "Petitioners"), each of whom claims to be serving a mandatory sentence of life without the possibility of parole for offenses committed as juveniles, seek our authorization to file successive habeas corpus petitions under 28 U.S.C. §§ 2254 (for Baines and Pendleton) and 2255 (for Grant) to raise *Miller* claims. Both Baines and Pendleton were convicted in state court in Pennsylvania, and Grant was convicted in federal court in New Jersey. Because these petitions raise similar legal questions, we consolidated them for argument and now address them jointly.

■ Before a second or successive petition may be filed in district court, the petitioner must apply for a certification from the appropriate United States court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). A certification giving leave to file a successive petition will be granted when the petitioner has made a "prima facie" showing that his or her claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2244(b)(2)(A) & (3)(A)(C); *see also* § 2255(h)(2). Under our precedent, a "prima facie showing" in this context merely means " 'a sufficient showing of possible merit to warrant a fuller exploration by the district court.' " *Goldblum v. Klem,* 510 F.3d 204, 220 (3d Cir.2007) (quoting *Ben-*

*nett v. United States,* 119 F.3d 468, 469 (7th Cir.1997)).

■ The parties here agree that *Miller* states a new rule of constitutional law, but dispute whether the Supreme Court has made *Miller* retroactive to cases on collateral review. In Pendleton's and Baines's cases, Pennsylvania argues that *Miller* is not retroactive; in Grant's case, the United States asserts that *Miller* is retroactive but that Grant's sentence satisfies the new *Miller* rule and so no relief is warranted.[1] Petitioners argue: (1) that the Supreme Court implicitly made *Miller* retroactive by applying the rule to *Miller's* companion case, *Jackson v. Hobbs,* which came to the Court through Arkansas's state collateral review process; (2) that *Miller* announced a substantive rule that "necessarily carr[ies] a significant risk that a defendant … faces a punishment that the law cannot impose upon him," *Schriro v. Summerlin,* 542 U.S. 348, 352, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (internal quotations marks omitted), and therefore should be given retroactive effect under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality); and (3) that, in the alternative, *Miller* qualifies as a "watershed procedural rule[ ] of criminal procedure" meriting retroactive application under *Teague,* 489 U.S. at 311, 109 S.Ct. 1060.

After extensive briefing and oral argument, we conclude that Petitioners have made a prima facie showing that *Miller* is retroactive. In doing so, we join several of our sister courts of appeals. *See, e.g., Wang v. United States,* No. 13–2426 (2d

---

1. At this early stage, we will not consider whether Grant actually qualifies for relief under *Miller*. We only determine whether Grant has made a prima facie showing that *Miller* created "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

*See Goldblum,* 510 F.3d at 219 (" '[S]ufficient showing of possible merit' in this context does not refer to the merits of the claims asserted in the petition. Rather, it refers to the merits of a petitioner's showing with respect to the substantive requirements of 28 U.S.C. § 2244(b)(2).").

Cir. July 16, 2013) (granting motion to file a successive habeas corpus petition raising a *Miller* claim); *In re James,* No. 12–287 (4th Cir. May 10, 2013) (same); *Johnson v. United States,* 720 F.3d 720 (8th Cir.2013) (per curiam) (same). *But see In re Morgan,* 713 F.3d 1365 (11th Cir.2013) (concluding that *Miller* is not retroactive), *reh'g en banc denied,* 717 F.3d 1186 (11th Cir.2013); *Craig v. Cain,* No. 12–30035, 2013 WL 69128 (5th Cir. Jan. 4, 2013) (per curiam) (same).

However, we stress that our grant is tentative, and the District Court must dismiss the habeas corpus petition for lack of jurisdiction if it finds that the requirements for filing such a petition have not in fact been met. *Goldblum,* 510 F.3d at 219–20; *see also* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."). We therefore grant Petitioners' motions under §§ 2244(b)(3) and 2255(h) and authorize each to file a successive habeas corpus petition in the district court.